2026 IL App (1st) 241083-U

SECOND DIVISION
March 17, 2026

No. 1-24-1083

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 84C14268 |
| | ) | |
| MARVIN BRYANT, | ) | Honorable |
| | ) | Sophia Atcherson, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Van Tine and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court did not err in denying defendant's motion for leave to file his successive postconviction petition.

¶ 2   Defendant Marvin Bryant appeals the trial court's denial of his *pro se* motion for leave to file a successive postconviction petition and argues that a recent amendment to the habitual criminal statute (730 ILCS 5/5-4.5-95(a) (West 2022)) was a legislative clarification to be applied retroactively, entitling him to a new sentencing hearing.

¶ 3    Defendant, along with his four codefendants, William Glover, Marvin Barber, David DuPree, and Marcus Hunter, were charged with multiple offenses stemming from an armed robbery that occurred the night of December 7, 1984, at an illegal gambling club run by Eddie Morris at 3735 South Ellis Avenue in Chicago, Illinois. During this incident, Morris, his family, and patrons of his club were accosted and robbed at gunpoint. Trial evidence placed defendant in the basement of the club with a gun while he and codefendant Glover robbed those victims present. A police officer saw defendant running from the building and placed him under arrest. During a subsequent search of defendant, the officer found jewelry in defendant's pocket. One of the pieces, a gold cross, recovered from defendant was identified as a piece of jewelry belonging to one of the victims. A full discussion of the evidence presented at defendant's trial is set forth in *People v. Glover*, 173 Ill. App. 3d 678 (1988). Following a joint jury trial, all of the defendants were found guilty of armed robbery, home invasion, and aggravated battery.

¶ 4    Prior to sentencing, the State filed a petition for the imposition of a natural life sentence under the habitual criminal statute because defendant had previously been convicted of two Class X felonies. The habitual criminal statute provided that every offender who is convicted of three Class X felonies, separate in time as stated in the statute, in a twenty year period, must be sentenced to natural life. Ill. Rev. Stat. 1983, ch. 38, ¶ 33B-1(e) (now codified as 730 ILCS 5/5-4.5-95(a) (West 2024)). Since defendant had pled guilty to armed robbery in 1976 and later pled guilty to a second armed robbery in 1979 before committing his third armed robbery, the trial court sentenced defendant to a mandatory natural life sentence under this statute.

¶ 5    Defendant raised multiple claims on direct appeal, including challenging the constitutionality of the habitual criminal statute under the proportionate penalties clause. This court affirmed defendant's conviction and sentence. *Glover*, 173 Ill. App. 3d at 682-86. Since

2

then, defendant has filed several unsuccessful postconviction petitions in 2001, 2004, 2012, 2014, 2019, and 2021. See *People v. Bryant*, No. 1-08-0754 (2009) (unpublished order under Supreme Court Rule 23); *People v. Bryant*, 2014 IL App (1st) 121731-U, ¶ 33; *People v. Bryant*, No. 1-14-3379 (2016) (summary order filed pursuant Supreme Court Rule 23(c)(2), (4) (eff. July 1, 2011)).

¶ 6       Similar to the claim raised in the instant appeal, defendant argued in his 2021 postconviction petition that his mandatory life sentence under the habitual criminal statute violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) because he was 19 years old when his first predicate offense was committed. Defendant relied on the recent amendment to the habitual criminal statute that no longer classified any offense committed before age 21 as a qualifying prior conviction. See 730 ILCS 5/5-4.5-95(a)(4)(E) (West 2022). This court found defendant's claim had been previously raised and was barred by *res judicata*. *People v. Bryant*, 2024 IL App (1st) 221324-U, ¶ 53.

¶ 7       In May 2023, defendant sought leave to file the *pro se* successive petition at issue on appeal and again argued that his mandatory life sentence be vacated. Specifically, he contended that the 2021 amendment clarified the meaning of the original habitual criminal statute and thus, he was not eligible to be sentenced to a term of natural life. The trial court subsequently denied defendant leave.

¶ 8       On appeal, defendant argues the 2021 amendment to the habitual criminal statute clarified that prior convictions committed under the age of 21 cannot be used to trigger the mandatory recidivist sentencing rules of the statute. More specifically, defendant asserts his natural life sentence should be vacated because one of his predicate Class X felonies was committed when he was 19 years old.

¶ 9     Under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(a)(1) (West 2018)), those under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States Constitution or the Illinois Constitution or both. *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998). Although only one postconviction proceeding is contemplated under the Act, a defendant seeking to file a successive postconviction petition may obtain leave of court by establishing "cause and prejudice" for the failure to raise the claim earlier. *People v. Edwards*, 2012 IL 111711, ¶¶ 22-23. Under the cause and prejudice test, a defendant must establish both (1) cause for his or her failure to raise the claim earlier and (2) prejudice stemming from his or her failure to do so. *Edwards*, 2012 IL 111711, ¶ 22 (citing *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002)). Defendant contends that he has established the requisite cause and prejudice based on recent case law interpreting the 2021 amendment to the habitual criminal statute.

¶ 10     Public Act 101-652 amended section 5-4.5-95(a) to provide that the first qualifying offense to be adjudged an habitual criminal must have been "committed when the person was 21 years of age or older." Pub. Act 101-652, § 10-281 (eff. July 1, 2021) (adding 730 ILCS 5/5-4.5-95(a)(4)(E))). At the time of defendant's sentencing, there was no age requirement for any of the Class X felonies under the habitual criminal statute. See Ill. Rev. Stat. 1983, ch. 38, ¶ 33B-1. Relying on *People v. Stewart*, 2022 IL 126116, and *People v. Durant*, 2024 IL App (1st) 211190-B, defendant maintains that one of his prior Class X convictions no longer serves as a qualifying predicate offense because it was committed when he was 19 years old.

¶ 11     In *Stewart*, the issue before the supreme court was "whether the legislature intended a prior felony conviction to be a qualifying offense for Class X sentencing if the same offense would have resulted in a juvenile adjudication had it been committed on the date of the present

4

offense." *Stewart*, 2022 IL 126116, ¶ 16.

¶ 12     Significantly, the *Stewart* court was reviewing a different subsection of the habitual criminal statute (730 ILCS 5/5-4.5-95(b) (West 2022)) than the provision defendant was sentenced under (730 ILCS 5/5-4.5-95(a) (West 2022)). The supreme court observed that prior to the 2021 amendment of subsection (b), a division had arisen in the appellate court regarding defendants who were under the age of 18 at the time of at least one predicate offense. *Id*. ¶ 21. The court concluded that given the split in the appellate court, "Public Act 101-652 was intended to resolve the conflict in the appellate court and clarify the meaning of the original statute." *Id*. ¶ 22.

¶ 13     Following *Stewart*, a divided panel in *Durant* found that the supreme court's interpretation of the amended language in subsection (b) also applied to the identical language contained in subsection (a). *Durant*, 2024 IL App (1st) 211190-B, ¶ 30. The reviewing court reasoned that since the amendments for both subsections were enacted simultaneously and contained identical language, the legislature had the same intent and purpose for both. *Id*. ¶ 32.

¶ 14     Recently, our supreme court considered the amendment to subsection (a) and at issue in this case. *People v. Brown*, 2026 IL 130930. There, the supreme court concluded that the 2021 amendment of subsection (a) was neither retroactive, nor a clarification of a previous version of the statute. Specifically, the *Brown* court found the legislature's use of a delayed effective date more than four months after the public act's passage showed the legislative intent for the amendment to apply prospectively. *Id*. ¶ 41. The court further rejected a retroactive application by noting its precedent has consistently held that "a defendant is not entitled to resentencing under an amendment that provides for a mitigated punishment." *Id*. ¶ 42 (citing *People v.*

*Bradford*, 106 Ill. 2d 492, 504 (1985); *People v. Hunter*, 2017 IL 121306, ¶ 56); see 5 ILCS 70/4 (West 2024).

¶ 15    Further, in distinguishing its holding in *Stewart*, the *Brown* court found the 2021 amendment to subsection (a) was not a clarification of prior versions of the statute. *Id*. ¶¶ 43-58. The supreme court recognized that prior to the 2021 amendment "[t]here was not, and has never been, a division in the appellate court over the meaning of section 5-4.5-95(a) or its predecessor." *Id*. ¶ 51. The supreme court observed that it had "never found a clarification where an amendment was substantively incompatible with the preamendment version of the statute." *Id*. ¶ 55 (noting that the two versions of the statute are "incompatible and inconsistent with one another" because the postamendment version of subsection (a) required that a defendant be 21 years old or older at the time of the first qualifying offense to be subject to a mandatory natural life sentence (730 ILCS 5/5-4.5-95(a) (West 2022)) whereas the preamendment version of section 5-4.5-95(a) required only that a defendant be 18 years old or older at the time of the third qualifying offense (730 ILCS 5/5-4.5-95(a)(5) (West 2016))). The court also observed the legislature in 2021 could only have been clarifying the 2016 version of the statute, and not the version in effect when the defendant was sentenced in 1995. *Id*. ¶ 56. The *Brown* court explicitly overruled *Durant* and held "while Public Act 101-652 clarified section 5-4.5-95(b), because both the amendment and the existing law were consistent, Public Act 101-652 did not clarify section 5-4.5-95(a), because the amendment and the existing law are inconsistent." *Id*. ¶ 58.

¶ 16    The *Brown* decision is directly on point and we, as a reviewing court, are bound to apply the supreme court's precedent to the facts of the case before us. *Yakich v. Aulds*, 2019 IL 123667, ¶ 13; see *People v. Blalock*, 2020 IL App (1st) 170295, ¶ 37. Following the supreme court's holding in *Brown*, the 2021 amendment to subsection (a) applies only prospectively and

was not a clarification of the version in effect when defendant in this case was sentenced in 1985. The use of an offense committed when defendant was 19 to trigger the habitual criminal finding was proper.

¶ 17     Additionally, we note that new constitutional rules of criminal procedure generally do not apply retroactively on collateral review because of the State's legitimate interest in the finality of criminal convictions, without which " 'the criminal law is deprived of much of its deterrent effect.' " *People v. Flowers*, 138 Ill. 2d 218, 239 (1990) (quoting *Teague v. Lane*, 489 U.S. 288, 309 (1989)). As we stated in defendant's prior appeal,

> "the legislature chose not to make the 2021 amendment retroactive and we are
> bound by the statutory language. 'It is the judiciary's role to enforce clear,
> unambiguous statutes as written, not to question the wisdom of the legislature.'
> *People v. Wells*, 2023 IL 127169, ¶ 31. ' " 'The legislature has the power to
> prescribe penalties for defined offenses, and that power necessarily includes the
> authority to prescribe mandatory sentences, even if such sentences restrict the
> judiciary's discretion in imposing sentences.' " ' *People v. Hilliard*, 2023 IL
> 128186, ¶ 21 (quoting *People v. Huddleston*, 212 Ill. 2d 107, 129 (2004)). 'The
> legislature's determination of a particular punishment for a crime in and of itself
> is an expression of the general moral ideas of the people.' *Id.* ¶ 38." *Bryant*, 2024
> IL App (1st) 221324-U, ¶ 50.

¶ 18     Based upon both the supreme court's holding in *Brown*, as well as the relevant statutory language, defendant is not entitled to sentencing relief. Therefore, defendant cannot establish the requisite cause to file successive petition. Because defendant cannot establish cause, we need not consider whether defendant adequately set forth a *prima facie* showing of prejudice. *People v.*

*Moore*, 2023 IL 126461, ¶ 42.

¶ 19    Accordingly, the trial court properly denied defendant leave to file his successive postconviction petition and we affirm the decision of the circuit court of Cook County.

¶ 20    Affirmed.